UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **HARPETH RIVER WATERSHED ASSOCIATION**, | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:14-cv-01743 ) ) Judge Kevin Sharp |
| v. | ) ) Magistrate Judge John Bryant |
| **CITY OF FRANKLIN, TENNESSEE**, | ) ) |
| Defendant. | ) Jury Demand ) |

### MOTION TO DISMISS COUNTERCLAIM ALLEGING "ABUSE OF PROCESS" BASED ON CLEAN WATER ACT CITIZEN SUIT

Comes the Plaintiff, Harpeth River Watershed Association, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.01, and respectfully moves this Court to dismiss the counterclaim alleging "abuse of process" filed by the City of Franklin against the Harpeth River Watershed Association, because the counterclaim fails to state a claim upon which relief can be granted. *See* [Doc. 20 at 465].[1]

Defendant City of Franklin operates a sewage treatment facility pursuant to a strict liability statute[2] and must submit reports under oath to the Tennessee Department of Environment and Conservation of the kind long considered "'virtually unassailable" as admissions that violations reflected therein occurred.[3] Plaintiff reviewed Defendant's records and brought this action (1)

---

[1] Plaintiff will cite docket entry numbers as "Doc." followed by a pinpoint citation to the CM/ECF "PageID #." Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Plaintiff will file a responsive pleading within 14 days after notice of the Court's disposition of this motion; this motion serves as a general denial of the allegations in the counterclaim, Fed. R. Civ. P. 8(b)(3), until the appropriate time for Plaintiff to make specific admissions and denials. Further, because Defendant will be filing a new Answer to Plaintiff's Amended Complaint, Plaintiff will wait until it is filed to move to strike any defenses Defendant may re-assert.

[2] *United States v. Winchester Mun. Utilities*, 944 F.2d 301, 304 (6th Cir. 1991); *United States v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 983 F.2d 1070 (6th Cir. 1993) ("The Clean Water Act does not contemplate compliance with NPDES permits while operating at design capacity; it requires compliance with permits, period.").

[3] *See United States v. Aluminum Co. of Am.*, 824 F. Supp. 640, 648 (E.D. Tex. 1993) (collecting cases from Delaware,

1

seeking judicial review of its claim that Defendant is liable under the Clean Water Act and (2) asking, if the claims are so established, that the Court determine appropriate remedies within its inherent and equitable powers. [Doc. 1: Complaint]; [Doc. 22: Amended Complaint].

Defendant has now filed a counterclaim against Plaintiff—a non-profit watershed protection association—asserting a claim for "abuse of process" and repeatedly alleging extortion, coercion, and threats. *See, e.g.*, [Doc. 20 at 436, 447, 465, 466, 479, 481, 482, 484, 487, 488, 489]. The exact nature of Defendant's claim is somewhat unclear from its pleadings. However, to support its conclusory and malignant allegations, Defendant first complains about the Plaintiff's active public engagement in the state agency's permitting actions (*i.e.*, actions to determine appropriate use of public resources). *E.g.*, [Doc. 20 at 469]. Second, Defendant complains about a settlement proposal from Plaintiff which it requested but now cites as evidence of coercion, and then it offers a selective view of its terms.[4] Third, Defendant complains about the terms of consent decrees entered into by Plaintiff and two other sewage treatment plants, agreements reviewed by the Department of Justice and U.S. Environmental Protection Agency and filed in federal court. In addition to or in conjunction with this counterclaim, Defendant has signaled its intention to call Plaintiff's current and former volunteer board members as adverse witnesses. [Doc. 15-1 at 247].

The state agency tasked with overseeing the sewage treatment plant and its facility has concluded that Defendant operates in violation of its permit but did not take enforcement action. The citizen suit provision of the Clean Water Act specifically allows enforcement when the agency tasked with enforcement has not fulfilled its duty. Plaintiff's mission is necessarily tied to the

---

New York, New Jersey, and Maryland).

[4] [Doc. 20-1 at 548] ("While we previously suggested to you that we sit down and have an open, good faith discussion about the steps the City is willing to take to cure its violations and clean up the river, you declined to do so and instead asked for a formal demand.").

Harpeth River and its watershed, which means the organization has worked on issues related to the Harpeth River in a variety of venues for more than a decade, *see* [Doc. 22-2 at 653] (Declaration of Executive Director of Harpeth River Watershed Association). Defendant's attempt to transform Plaintiff's work protecting the Harpeth River and ensuring compliance with the Clean Water Act's into a claim of abuse of process is without merit, and the counterclaim should be dismissed.

WHEREFORE, for the foregoing reasons and those more fully outlined in the accompanying memorandum, Plaintiff respectfully moves this Court to dismiss the single-count counterclaim. Defendant has failed to state a claim because the counterclaim (1) fails to allege any "process" subsequent to the initiation of the lawsuit and (2) fails to sufficiently and plausibly allege the existence of an ulterior motive.

Respectfully submitted this 10th day of December 2014,

| | |
|---|---|
| /s Delta Anne Davis | /s Anne E. Passino |
| DELTA ANNE DAVIS | ANNE E. PASSINO |
| BPR No. 010211 | BPR No. 027456 |
| SOUTHERN ENVIRONMENTAL LAW CENTER | SOUTHERN ENVIRONMENTAL LAW CENTER |
| 2 Victory Avenue, Suite 500 | 2 Victory Avenue, Suite 500 |
| Nashville, TN 37213 | Nashville, TN 37213 |
| Telephone: (615) 921-9470 | Telephone: (615) 921-9470 |
| Facsimile: (615) 921-8011 | Facsimile: (615) 921-8011 |
| adavis@selctn.org | apassino@selctn.org |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this filing has been via the Court's electronic filing system to:

| | |
|---|---|
| Shauna R. Billingsley | Gary B. Cohen |
| City of Franklin, Law Department | Hall & Associates |
| 109 Third Avenue South | 1620 I Street, NW, Suite 701 |
| Franklin, Tennessee 37064 | Washington, DC 20006 |
| Phone: (615) 550-6603 | Phone: (202) 463-1166 |
| Fax: (615) 550-6998 | Fax: (202) 463-4207 |
| shauna.billingsley@franklintn.gov | E-Mail: gcohen@hall-associates.com |

On this 10th day of December 2014. /s Anne E. Passino
ANNE E. PASSINO