

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-04219
_____

*Law and Policy Section*                                    *Telephone (202) 514-1442*
*P.O. Box 7415*                                             *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*


<u>VIA ELECTRONIC CASE FILING</u>


July 1, 2016


Clerk's Office
United States District Court
Middle District of Tennessee
Nashville Division
801 Broadway
Nashville, TN  37203

> Re:    *Harpeth River Watershed Association v. City of Franklin*, United States District
>        Court for the Middle District of Tennessee, No.: 3:14-cv-1743  KHS

Dear Clerk of the Court:

I am writing to notify you that the United States has reviewed the settlement agreement in the above-referenced case and does not object to its entry by this Court.

On May 17, 2016, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in this action for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.[1]

_____

[1] For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen-suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, the United States views a document stipulating to dismissal of a case or any part thereof to be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen-suit litigation to review compliance with this requirement.

In its review, the United States seeks to ensure that a consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

This settlement agreement would resolve Clean Water Act claims brought by the plaintiff alleging violations stemming from the defendant's operation of its Sewage Treatment Plant/Water Reclamation Facility under its National Pollutant Discharge Elimination System (NPDES) permit. In terms of injunctive relief, Paragraphs 1 through 3 of the settlement agreement provide that the defendant will conduct annual bioassessments at five locations; conduct chemical assessments at four locations; and identify locations for daytime monitoring for three year-round locations and two summer locations. These monitoring and assessments provisions are subject to revision following review by the Total Daily Maximum Load (TDML) working group, which is developing a TMDL for the Harpeth River watershed. Paragraph 4 of the settlement agreement establishes a process in the event of a delay in the monitoring and notes that such data (as opposed to sampling at the discharge point) will not be used for establishing NPDES permit violations.

Under Paragraph 5, the parties agree to submit comments on the TMDL study of the Harpeth River watershed, and when and if additional studies are needed, the defendant will contribute proportionally up to $150,000. Counsel represented to the United States that the parties would ensure that any funds directed to a federal agency for additional studies would be in accord with the Miscellaneous Receipts Act, 31 U.S.C. § 3302(b). Counsel also represented that the parties would notify the Department of Justice about the recipients of any such funds. Further, the settlement agreement expressly states that the plaintiff will not receive any money as a result of projects funded by the defendant.

In Paragraphs 6 through 9, the defendant further agrees to conduct an optimization study related to nutrient discharge; attend a meeting with the Tennessee Department of Environment and Conservation; continue monitoring the 13 permanent flow monitors in its sanitary sewage collection system; and use emerging technologies to prioritize improvements to the sanitary sewer system. Under Paragraph 10, the defendant commits to spending $10 million over a five-year period on projects related to the protection of the Harpeth River by prioritizing (1) upgrading existing, aging infrastructure in the sanitary sewer collection system and (2) storm water management projects to the extent they address loading to the Harpeth River. Counsel represented to the United States that the $10 million will be directed to these two purposes and not others.

As noted in Paragraph 13, the parties shall be responsible for their own attorneys' fees and costs. The United States notes for the record that the settlement agreement does not

incorporate civil penalties or a SEP, which are available and typically appropriate remedies under the Clean Water Act.

Given these representations and the facts of this case, the United States has no objection to the entry of the proposed consent judgment. We accordingly notify the Court of that fact.

The United States affirms for the record that it is not bound by this settlement. *See, e.g.*, *Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, 45 days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 305-0641 if you have any questions.

<div style="margin-left: 50%;">

Sincerely,

 */s/ Frederick H. Turner*
Frederick H. Turner, Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C.  20044-7415

</div>

cc:  Counsel of Record via ECF